[Cite as *State v. Brooks*, 2017-Ohio-4225.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2016-11-224 |
| | : | D E C I S I O N |
| - vs - | | 6/12/2017 |
| | : | |
| RODDRICK V. BROOKS, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR16-03-0390

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott N. Blauvelt, 315 South Monument Avenue, Hamilton, Ohio 45011, for defendant-appellant

**Per Curiam.**

{¶ 1}   This cause came on to be considered upon a notice of appeal, the transcript of the docket and journal entries, the transcript of proceedings and original papers from the Butler County Court of Common Pleas, and upon a brief filed by appellant's counsel.

{¶ 2}   Counsel for appellant, Roddrick V. Brooks, has filed a brief with this court pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), which (1) indicates that

a careful review of the record from the proceedings below fails to disclose any errors by the trial court prejudicial to the rights of appellant upon which an assignment of error may be predicated; (2) lists two potential errors "that might arguably support the appeal," *Anders* at 744, 87 S.Ct. at 1400; (3) requests that this court review the record independently to determine whether the proceedings are free from prejudicial error and without infringement of appellant's constitutional rights; (4) requests permission to withdraw as counsel for appellant on the basis that the appeal is wholly frivolous; and (5) certifies that a copy of both the brief and motion to withdraw have been served upon appellant.

{¶ 3} Having allowed appellant sufficient time to respond, and no response having been received we have accordingly examined the record and found one error prejudicial to appellant's rights in the proceedings in the trial court.

{¶ 4} It appears that on September 9, 2016, appellant pled guilty in open court to one count of aggravated trafficking in drugs, a felony of the second degree, and to a forfeiture specification indicating forfeiture in the amount of $1,145. It further appears that appellant signed a guilty plea and jury waiver detailing the above plea which was filed in the Butler County Court of Common Pleas on September 9, 2016. At a sentencing hearing held on October 27, 2016, the court acknowledged forfeiture of $1,145. On October 31, 2016, the common pleas court filed an order of forfeiture indicating that appellant had been found guilty of the forfeiture specification and ordering forfeiture. However, the common pleas court's judgment of conviction entry filed on November 1, 2016 does not include the forfeiture specification or the amount of the forfeiture.

{¶ 5} Because the written plea agreement and the transcript of the plea hearing unequivocally indicate that appellant knowingly and intelligently pled guilty to aggravated trafficking in drugs with a forfeiture specification, it appears that the judgment of conviction entry should be amended to reflect appellant's plea of guilty to the forfeiture specification.

The failure of the sentencing entry to include the forfeiture specification is clerical in nature. A trial court may issue a nunc pro tunc entry to correct clerical mistakes in a sentencing entry so that it accurately reflects what the court actually decided. *State v. Goodwin*, 12th Dist. Butler No. CA2016-05-099, 2017-Ohio-2712.

{¶ 6} *Anders* would seemingly dictate that this court appoint new counsel to brief and argue this issue. However, under the circumstances of this case we find that the omission constitutes plain error which we may take immediate action to remedy. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346 (1988). In all other respects, our review of the record discloses no other error prejudicial to appellant's rights in the proceedings before the common pleas court.

{¶ 7} Therefore, it is the order of this court that the motion of counsel for appellant requesting to withdraw as counsel is granted, and this matter is hereby reversed and remanded with instructions to issue a new judgment of conviction entry that reflects appellant's guilty plea to the forfeiture specification and a forfeiture in the amount of $1,145 in U.S. currency.

S. POWELL, P.J., PIPER and M. POWELL, JJ., concur.